**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CBC PARTNERS, LLC, <br>     Plaintiff, <br><br> vs. <br><br> ASYMMETRIC RETURN CAPITAL, LLC, <br>     Defendant. | CIVIL ACTION <br><br> CASE NO: _____ <br><br> **COMPLAINT** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CBC PARTNERS, LLC herewith files this Complaint against Defendant, ASYMMETRIC RETURN CAPITAL, LLC, and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, CBC PARTNERS LLC, ("CBC"), is a Florida limited liability company with its primary address at 1 Portofino Dr., #2007, Pensacola Beach, Florida, and consents to the jurisdiction and venue of this Court.

2. Defendant, ASYMMETRIC RETURN CAPITAL, LLC (hereinafter "ARC") is a Delaware limited liability company with its principal place of business at 401 Park Avenue South, 10th Floor, New York, NY 10016 and its registered agent located at 1209 Orange Street, Wilmington, Delaware, and is subject

1

to the jurisdiction and venue of this Court.

3. ARC is subject to the personal jurisdiction of this Court because it has sufficient minimum contacts within by deliberately engaging in business ventures within this State. Said ventures include:

   a. Soliciting colleges and universities for contracts;
   b. Soliciting residents of this State for investments;
   c. Contracting with others to seek and secure contract and investments within this State.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the parties are both residents of different states. Plaintiff is a resident of Florida and Defendant is a resident Delaware company residing in New York.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to this action took place in this State.

6. This is an action for breach of contract, misappropriation of trade secrets, theft of services, and violations of the Racketeer Influenced and Corrupt Organizations Act.

7. All conditions precedent to this action have either been fulfilled or

waived.

## **FACTUAL BACKGROUND & GENERAL ALLEGATIONS**

8. CBC is a minority-owned business that partnered with ARC to present solar energy projects to Historically Black Colleges & Universities ("HBCUs").

9. On October 1, 2023, CBC and ARC entered into a Consulting Agreement for CBC to perform advisory and consulting services to ARC "identifying potential acquisition opportunities and available management teams in the energy sector." ARC agreed to pay CBC $166,667.00 per month for these services. A copy of the Consulting Agreement is attached hereto as Exhibit "1."

10. The purpose of the Consulting Agreement was to facilitate ARC's plan to invest in solar energy farms located on property owned by HBCUs.

11. Essentially, ARC agreed to pay for its CBC's owner's extensive network with HBCU leaders and reputation as an experienced and successful businessman in the HBCU community. These connections were to be utilized to connect ARC with investors and vendors for its solar energy farm projects.

12. Once these projects were complete, Plaintiff was to receive a portion of the profits of these solar energy projects, which would have ranged in the tens of

millions of dollars.

13. Plaintiff's backgrounds made them uniquely valuable to ARC, which had zero connections to the HBCU community or its members.

14. Plaintiff provided ARC, its investors, and its executives with unique access to fertile ground for investment that its owners' backgrounds, education, and experience could never have provided.

15. Plaintiff agreed to share their personal and professional access to the HBCU community with ARC in exchange for a salary of $166,667.00 per month for a minimum of three (3) months.

16. Instead of honoring the Consulting Agreement, ARC stole Plaintiff's trade secrets and personal contacts with HBCUs, which they could never have developed on their own, and used them to build lucrative solar energy projects with HBCUs. In doing so, they deprived Plaintiff of any opportunity to reap the benefits of decades of work and selfless dedication.

17. Further, ARC never paid Plaintiff the agreed upon salary and refused to provide it or its owners with any information regarding the solar energy projects it has developed as a result of Plaintiff's contractual services.

18. ARC acknowledged this breach of contract and subsequently entered

into a "Termination and Settlement Agreement" ("the Settlement Agreement") on March 11, 2024. The terms of the Settlement Agreement were:

    a. The Consulting Agreement was formally cancelled;

    b. ARC would pay CBC $333,334.00 on or before March 28, 2024;

    c. ARC would pay CBC $83,333.00 on or before June 30, 2024;

    d. Neither party would disparage the other.

19. A copy of the Settlement Agreement is attached hereto as Exhibit "2."

20. ARC then failed to pay any portion of the sums agreed upon in the Settlement Agreement.

21. Plaintiff has retained the undersigned firm to prosecute his claims and is obligated to pay reasonable attorneys' fees.

## COUNT I
## BREACH OF CONTRACT

22. Plaintiff restates and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for Breach of Contract.

24. CBC and ARC entered into the Settlement Agreement.

25. CBC performed all legal and contractual obligations required under the Settlement Agreement and the previous Consulting Agreement.

26. ARC breached the Settlement Agreement by failing to pay CBC a total of $416,667.00 as agreed.

27. CBC has suffered damages as a direct and proximate result of ARC's material breaches of the Agreement.

WHEREFORE, CBC demands judgment against ARC for damages, interest and costs, and any other relief this Court deems just and proper.

## COUNT II
## VIOLATION OF 18 U.S.C. § 1836
## MISAPPROPRIATION OF TRADE SECRETS

28. Plaintiffs restate and re-allege paragraphs 1 through 21 as if fully set forth herein.

29. This is an action for Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b)(1) (2025).

30. This Court has jurisdiction over this claim pursuant to 18 U.S.C. § 1836(b)(2)(C).

31. Plaintiff held trade secrets in the form of specific contacts and relationships with HBCUs that ARC did not have and could not have acquired without Plaintiff's help. These contacts and relationships were:

    a. Not commonly known by or available to the public; and

    b. Derived economic value, actual or potential, from not being

generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

c. Were the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

32. These trade secrets were used in interstate commerce to convince HBCUs to enter into contracts with ARC and to solicit investments from citizens of multiple states, including the State of Georgia.

33. After the Consulting Agreement was terminated, ARC misappropriated these trade secrets by:

a. Using improper means to obtain them in the form of the Consulting Agreement which it later breached;

b. Using the trade secrets when they owed a duty to Plaintiff to maintain their secrecy or limit their use.

c. Continuing to use the trade secrets after the Consulting Agreement was terminated.

34. This misappropriation was done willfully and with malice.

35. CBC is entitled to monetary damages pursuant to 18 U.S.C. § 1836(b)(3)(B)(i) for the actual loss caused by the misappropriation of these trade

secrets and for the unjust enrichment that ARC gained because of its misappropriation.

36. Further, CBC is entitled to punitive damages pursuant to 18 U.S.C. § 1836(b)(3)(C) in amount of two times the monetary damages because the misappropriation of trade secrets was done willfully and with malice.

WHEREFORE, Plaintiff demands judgment against ARC for actual damages, exemplary damages, punitive damages, attorney's fees, interest and costs, and any other relief this Court deems just and proper.

## COUNT III
## THEFT OF SERVICES

37. Plaintiff restates and re-allege paragraphs 1 through 21 as if fully set forth herein.

38. This is a cause of action for Theft of Services.

39. CBC lent its reputation, goodwill, contacts, and business relationships to Defendants in exchange for payment as defined initially by the Consulting Agreement and then later by the Settlement agreement.

40. ARC agreed to pay CBC for these services in two separate agreements but refused to do so.

41. ARC has deprived CBC of the benefit of its property and has gained

profits from said property, the amount of which should be determined by a trier of fact.

WHEREFORE, Plaintiff demands judgment against ARC for actual damages, exemplary damages, attorney's fees, interest and costs, and any other relief this Court deems just and proper.

## COUNT IV
## VIOLATIONS OF 18 U.S.C. § 1962
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

42. Plaintiff restates and re-allege paragraphs 1 through 41 as if fully set forth herein.

43. This is a cause of action for violations of 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO").

44. ARC and its owners, officers, and principles consisted of a group of individuals engaged in a common enterprise. They were a structured group of individuals assembled for a common purpose: to obtain investments from United States citizens and establish solar energy contracts with HBCUs.

45. ARC, by and through its owners, officers, and principles, engaged in acts of racketeering. Specifically, Bryan Wisk, the Chief Executive Officer of ARC, led a team of individuals that misappropriated CBC's trade secrets, stole CBC's services, and made fraudulent misrepresentations to potential investors,

including United States military veterans. These actions were committed within the past five (5) years and were committed entirely under the enterprise of ARC.

46. These acts injured CBC and its owners by depriving them of the value of their trade secrets, unjustly enriching ARC, and prohibiting CBC from engaging in other similar business ventures by virtue of the Agreement between the parties.

WHEREFORE, Plaintiff demands judgment against ARC for actual damages, treble damages, attorney's fees, interest and costs, and any other relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CBC PARTNERS, LLC respectfully requests that this Honorable Court:

(1) Enter Judgment against Defendant, Asymmetric Return Capital, LLC;

(2) Enter an award of compensatory damages against Defendant, Asymmetric Return Capital, LLC for breach of contract;

(3) Enter an award of damages for unjust enrichment against Defendant, Asymmetric Return Capital, LLC that includes prejudgment interest;

(4) Enter an award of exemplary damages two (2) times the amount

of compensatory damages for theft of trade secrets;

(5)    Enter an award of treble damages against Defendant, Asymmetric Return Capital, LLC for violations of 18 U.S.C. § 1962;

(6)    Enter an award of appropriate costs against Defendant, Asymmetric Return Capital, LLC and

(7)    Grant Plaintiff any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable. Respectfully submitted on January 27, 2026

By: */s/Cory S. Simmons*
**Cory S. Simmons**
Georgia Bar No. 234195
**PEACHTREE COMMERCIAL LITIGATORS**
3379 Peachtree Rd NE, Suite 700
Atlanta, GA 30326
Email: cory@peachtree.law
Email: carrie@peachtree.law
*Attorneys for Plaintiff, CBC Partners, LLC*